[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10333

_____

D.C. Docket No. 4:14-cv-00194-RH-CAS

KENNIQUE COTTON,

Plaintiff - Appellant,

versus

DOLGENCORP, LLC,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 26, 2016)

Before WILSON, MARTIN, and HIGGINBOTHAM,* Circuit Judges.

PER CURIAM:

_____

* Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit
Court of Appeals, sitting by designation.

The district court granted summary judgment to appellee Dolgencorp, LLC, on all of appellant Kennique Cotton's employment discrimination claims. Cotton brought her claims under the Florida Civil Rights Act, Fla. Stat. § 760 *et seq.*; Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*; and 42 U.S.C. § 1981 & 1981(a). In her complaint, Cotton alleged that Dolgencorp racially discriminated against her, retaliated against her for reporting discriminatory behavior, and subjected her to a hostile work environment. On appeal, Cotton only challenges the district court's dismissal of her Florida Civil Rights Act and Title VII discrimination, retaliation, and hostile work environment claims.[1] After careful consideration of the record and the parties' briefs, and having had the benefit of oral argument, we hold that the district court properly granted summary judgment. Accordingly, we affirm.

Cotton began working as a store clerk for Dollar General, a Dolgencorp company, in September 2011. Dollar General terminated her in March 2012. Dolgencorp claims Cotton was fired because she repeatedly violated a Dollar General policy on cashier overages/shortages. However, Cotton asserts that she was fired based on her race and because she reported to Dollar General that a co-

---

[1] "The Florida Civil Rights Act was patterned after Title VII, and Florida courts have construed the [A]ct in accordance with decisions of federal courts interpreting Title VII." *Wilbur v. Corr. Servs. Corp.*, 393 F.3d 1192, 1195 n.1 (11th Cir. 2004). Therefore, we consider Cotton's Title VII and Florida Civil Rights Act claims together.

worker racially harassed her.  Cotton also argues that the co-worker's behavior created a hostile work environment.

Regarding her discrimination claims, Cotton has only offered circumstantial evidence and that evidence is insufficient to create a triable issue as to whether she was terminated based on her race.  *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1320 (11th Cir. 2012).  Similarly, Cotton has failed to establish a triable issue of retaliation.  Even taking the evidence in the light most favorable to Cotton, a jury could not find that the legitimate reason Dolgencorp put forth for her termination—her violations of the above-mentioned cashier policy—was pretext for retaliation.  *See Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (holding that a plaintiff must prove pretext in a retaliation case once a defendant has offered a legitimate reason for the adverse action at issue).  Finally, Cotton's hostile work environment claim is based solely on the behavior of a co-worker, yet Cotton has not demonstrated a triable issue as to whether Dolgencorp "knew or should have known" of the co-worker's behavior and "failed to take prompt remedial action."  *See Henson v. City of Dundee*, 682 F.2d 897, 905 (11th Cir. 1982) (When "the plaintiff seeks to hold the employer responsible for the hostile environment created by the plaintiff's . . . coworker, she must show that the employer knew or should have known of the harassment in question and failed to take prompt remedial action.").

3

**AFFIRMED.**[2]

---

[2] Dolgencorp's motion for sanctions is DENIED, and Cotton's motion to strike that motion is DENIED AS MOOT.